Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 736 | **DATE** | 11/9/2004 |
| **CASE TITLE** | Loera vs. Natl RR | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pretrial conference held. For the reasons stated in the attached memorandum opinion, the parties' motions in limine are denied in part and granted in part. Enter Memorandum Opinion.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 10 2004 date docketed | 138 |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed at pretrial conference. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW6 | courtroom deputy's initials | 2004 NOV 10 AM 8:13 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA LOERA, )
)
　　　　　Plaintiff, )
)
v. ) No. 02 C 736
)
NATIONAL RAILROAD PASSENGER )
CORPORATION (AMTRAK), )
)
　　　　　Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' motions in limine. For the reasons stated below, we deny the motions in part and grant the motions in part.

I. Defendant's Motions In Limine

A. Motion to Bar Plaintiff's Testimony Regarding Her Termination

Defendant seeks to bar testimony regarding Plaintiff's termination because Plaintiff's termination occurred over a year and a half after the instant action was filed. We have already ruled in this action that Plaintiff's termination may not be a basis for a separate claim. However, we cannot find that evidence regarding

1



Plaintiff's termination is wholly irrelevant and we cannot find that all such evidence would be unduly prejudicial to Defendant. An example of the potential relevance of the testimony is that Plaintiff contends that supervisor Tom Graziosi ("Grazsiosi") threatened to terminate her employment as part of the alleged harassment. We are not ruling that all evidence relating to Plaintiff's termination is admissible, but are merely ruling that the issue needs to be addressed on a case-by-case basis at trial. In regards to Defendant's concern regarding damages, the jury may be properly instructed by the court and informed by the parties during oral presentations regarding the law to ensure that Plaintiff's testimony concerning her termination does not mislead the jury about the calculation of damages. Therefore, we deny Defendant's motion to bar Plaintiff's testimony regarding her termination.

### B. Defendant's Motion to Bar Plaintiff From Introducing Conditions Evidence

Defendant seeks to bar Plaintiff from introducing evidence pertaining to alleged dangerous conditions at Defendant's facility. Defendant's complain that Plaintiff has presented vague arguments concerning the conditions at Defendant's facility, but it is Defendant that is vague in its arguments in its motion in limine. We shall not exclude all evidence relating to "dangerous conditions" at Defendant's facility. Some of such evidence is clearly relevant and admissible under the relevant legal standards that will be at issue at trial. We will not jump the gun and bar Plaintiff from pursuing a course that Defendants perceive may be followed by

2

Plaintiff. Defendant will be able to address the pertinent law at trial and inform the jury concerning the importance of forseeability of danger under the law. Defendant makes reference to our prior ruling when we indicated that certain alleged dangerous conditions at Defendant's facility by Plaintiff are not relevant. However, in our ruling we were referring to specific arguments made by Plaintiff in her briefs relating to the summary judgment motion. The facts surrounding the conditions at Defendant's facility resulting from co-workers and other extraneous factors must be addressed at trial on a case-by-case basis. Therefore, we deny Defendant's motion to bar Plaintiff from introducing evidence pertaining to alleged dangerous conditions at Defendant's facility.

### C. Graziosi's Convictions

Defendant requests that we bar reference to the fact that Graziosi was convicted of felonies prior to the alleged misconduct in the instant action. The convictions for burglary and grand larceny cannot be brought forth at trial. The information has limited relevance since the convictions are for offenses in other states that occurred over twenty years ago. We also agree that such evidence would be unduly prejudicial to Defendant. Therefore, we grant Defendant's motion to bar evidence regarding Graziosi's convictions.

### D. Defendant's Motion to Bar Opinion Testimony By Physicians

Defendant requests that we bar Plaintiff's treating physicians from offering opinion or other expert testimony at trial. Plaintiff failed to disclose the treating physicians in accordance with Federal Rule of Civil Procedure 26(a)(2) as expert witnesses. We agree that it would be unfair to now allow Plaintiff to utilize the physicians' testimony as expert testimony to prove matters such as causation. Naturally the physicians may still offer testimony concerning their treatment of Plaintiff. Therefore, we grant Defendant's motion to bar Plaintiff's treating physicians from offering opinion or other expert testimony.

### E. Motion To Bar Testimony From Juan Quijano

Defendant requests that we bar Plaintiff from referring to allegations made by Juan Quijano ("Quijano") regarding a remark he overheard about Plaintiff by an unidentified speaker in John Anderson's Office, regarding co-worker's opinions of Plaintiff, and regarding Quijano's opinion concerning Plaintiff's performance in her employment with Defendant. Quijano may testify as to what he heard in John Anderson's Office as long as he does not mislead the jury as to the facts. If Quijano testifies concerning co-worker's opinions of Plaintiff, Defendant may object and demand a foundation for the assertion. Quijano will need to be able to support his assertions concerning co-workers' opinions with evidence that is admissible and cannot be based solely on inadmissible evidence such as hearsay. Again in regards

to Quijano's opinion of Plaintiff's work, Defendant may request that a foundation be laid for such testimony. Defendant may also question Quijano on cross examination and bring out the bases for Qujano's opinion. Defendant's motion regarding Quijano is premature and we cannot find at this juncture in the abstract that he is unable to testify on these issues. Therefore, we deny Defendant's motion to bar certain testimony from Quijano.

### F. Motion to Bar Testimony From Wilma Bondie

Defendant requests that we bar Plaintiff from mentioning allegations by Wilma Bondie ("Bondie"), an employee of Defendant, regarding personal sexual harassment against Bondie, alleged harassment against another employee of Defendant, and regarding remarks overheard by Bondie. We agree with Defendant that since Bondie worked at the Toledo facility rather than at the facility where Plaintiff worked and the alleged harassment did not involve the same individuals that are implicated in the instant action that the evidence should not be admitted. Such evidence would have no relevance and would be unduly prejudicial to Defendant. Therefore, we grant Defendant's motion to bar Plaintiff from mentioning the allegations made by Bondie.

## II. Plaintiff's Motions In Limine

A. General Motions

Plaintiff has filed a series of motions in limine in one document filed on September 21, 2004. However, Plaintiff fails to provide a legal basis for many of its in limine requests. The first request is to bar witnesses not listed in answers and interrogatories. The second request involves documents not produced in discovery. Plaintiff fails to provide any legal basis for such requests. Also, to the extent that such matters may be covered by court rules or law we shall abide by the pertinent court rules and law, but such matters are not properly raised in a motion in limine. In her third request Plaintiff asks the court to bar Defendant from presenting evidence from witnesses without knowledge of facts and to stop Defendant from presenting a "parade of witnesses" that will testify that they did not suffer harassment. Again Plaintiff fails to provide any legal basis for her position in her motion and to the extent that court rules and law apply in general we shall enforce them. Such evidence may be relevant at trial and may be admissible.

Plaintiff also asks the court to prohibit testimony regarding Plaintiff's attorney fee agreement. Plaintiff also requests that the court bar Defendant from attempting to calculate damages based upon Plaintiff's ability to invest funds. Again such matters are governed by law and Plaintiff's generalized requests have no place in a motion in limine. Therefore, we deny the motions in limine filed by Plaintiff on September 21, 2004.

### B. Motion to Exclude Lori Jones

Plaintiffs also request that this court exclude the expert report of Defendant's expert Lori Jones ("Jones"). To determine whether expert testimony should be admitted a court must "determine whether: (1) the expert would testify to valid scientific, technical, or other specialized knowledge; and (2) his testimony will assist the trier of fact." *NutraSweet Co. v. X-L Engineering Co.*, 227 F.3d 776, 787-88 (7th Cir. 2000); Fed. R. Evid. 702. Jones was retained by Defendant to testify regarding Defendant's anti-harassment and equal employment policies, complaint and investigative procedure, and investigations into Plaintiff's accusation of sexual harassment and other complaints. Jones has nearly fourteen years of experience as a lawyer and resources consultant. Jones properly utilized her expertise to make her opinions in regards to this action. Jones' testimony will assist the trier of fact as well. Defendant has made it clear that Jones will be offering testimony on limited issues that she was retained for by Defendant. (Ans. Mot. Excl. Jones 6). Therefore, we deny Plaintiff's motion to exclude Jones.

## CONCLUSION

Based on the foregoing analysis, we deny Defendant's motion to bar Plaintiff's testimony regarding her termination, we deny Defendant's motion to bar Plaintiff from introducing evidence pertaining to alleged dangerous conditions at Defendant's facility, we grant Defendant's motion to bar evidence regarding

Graziosi's convictions, we grant Defendant's motion to bar Plaintiff's treating physicians from offering opinion or other expert testimony, we deny Defendant's motion to bar certain testimony from Quijano, and we grant Defendant's motion to bar Plaintiff from mentioning the allegations made by Bondie. In addition, we deny all of Plaintiff's motions in limine.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 9, 2004